ADAM GORDON
United States Attorney
KEITH D. ELLISON
Assistant U.S. Attorney
California Bar No. 307070
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9659

Attorneys for Plaintiff
United States of America

FILED
JUL 07 2026
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RONNIE ROSAS,<br>Defendant. | Case No. 25-CR-4066-CAB<br>**Plea Agreement** |

It is hereby agreed between the plaintiff, the United States of America, through its counsel, Adam Gordon, United States Attorney, Keith D. Ellison, Assistant United States Attorney, and Defendant, Ronnie Rosas, with the advice and consent of David L. Baker, counsel for Defendant, as follows:

//

//

KDE:5/8/26

## I

## The Plea

*A. The Charge*

Defendant agrees to plead guilty to Count 2 of the Indictment charging Defendant with:

> On or about September 12, 2024, within the Southern District of California, defendant RONNIE ROSAS did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

*B. Parties' Agreement as to Filings*

In contemplation of this plea agreement, Defendant agrees not to file or argue any substantive motions, including those described in Rule 12 of the Federal Rules of Criminal Procedure. Defendant shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless Defendant has entered a guilty plea in open court.

*C. Forfeiture*

Defendant consents to the forfeiture allegations of the Indictment and consent to the forfeiture of all properties seized in connection with this case including, but not limited to, all properties set forth in Section X below. The forfeiture is more fully set forth in Section X below.

## II

## Nature of the Offense

*A. Elements Explained*

The offense to which Defendant is pleading guilty has the following elements:

1. The defendant knowingly possessed fentanyl, a controlled substance; and
2. The defendant possessed it with the intent to distribute it to another person.

*B. Factual Basis—Elements Understood and Admitted*

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Just after midnight on July 24, 2024, Defendant drove to and met with M.M. in Chula Vista, California. At the time of their meeting, Defendant knowingly possessed counterfeit oxycodone M30 pills containing fentanyl that he intended to distribute to others. During the meeting, M.M. obtained counterfeit oxycodone M30 pills containing fentanyl from Defendant. Defendant then drove M.M. to M.M.'s house, where M.M. ingested one or more of the pills that same day, overdosed, and died as result of ingesting the fentanyl.

2. On September 12, 2024, Defendant was stopped by law enforcement as he was driving near Spring Valley, California, within the Southern District of California. At the time of the stop, Defendant knowingly possessed in his car (1) 24 counterfeit oxycodone M30 pills containing fentanyl and (2) 250.6 grams of cocaine. Defendant possessed the controlled substances with the intent to deliver them to others.

3. On September 13, 2024, at his home in Chula Vista, California, Defendant possessed a .45 caliber Springfield Armory pistol bearing serial number US682070 loaded with three rounds of .45 caliber ammunition. Defendant possessed the handgun in furtherance of his drug dealing.

**III**

**Penalties**

The crime to which Defendant is pleading guilty carries the following penalties:

a. 20 years in prison.

b. A maximum $1,000,000 fine.

c. A mandatory special assessment of $100 per count.

d. A term of supervised release of at least 5 years and up to life. Failure to comply with any of the conditions of supervised release could result in revocation of supervised release, which could result in Defendant serving in prison all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

e. Possible ineligibility for certain Federal benefits.

f. Forfeiture to the United States of all property constituting or derived from any proceeds the defendant obtained, directly or indirectly from the offense, and all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation.

In addition, Defendant may be subject to an order of restitution to victims of the offense.

## IV

## Waiver of Trial Rights

By entering this guilty plea, Defendant waives the right at trial to:

a. Continue to plead not guilty and require the government to prove the elements of the crime beyond a reasonable doubt.

b. A speedy and public trial by jury.

c. The assistance of counsel at all stages of trial.

d. Confront and cross-examine adverse witnesses.

e. Testify and present evidence and to have witnesses testify on behalf of Defendant.

f. Not testify or have any adverse inferences drawn from the failure to testify.

## V

## No Pretrial Right to Impeachment Information

Any information known to the undersigned prosecutor establishing the Defendant's factual innocence in this case has been turned over to Defendant, and the government will continue to provide any information establishing the Defendant's factual innocence.

If this case proceeded to trial, the government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the government would be required to provide information in its possession that supports such a defense. By pleading guilty, Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack based on the existence of this information.

//

//

## VI

## Guilty Plea Is Knowing and Voluntary

Defendant represents that:

a. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license. None of these collateral consequences can serve as grounds to withdraw Defendant's guilty plea.

b. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

c. No one has threatened Defendant or Defendant's family to induce this guilty plea.

d. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## Agreement Limited to Southern District of California

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authority in any type of matter, although the government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## Applicability of Sentencing Guidelines

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less



Def. Initials [handwritten initials]

severe than otherwise applicable under the Guidelines, up to the statutory maximum. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the government have an opportunity to review and challenge the presentence report. Defendant agrees to request that a presentence report be prepared. Nothing in this plea agreement limits the government's duty to provide complete and accurate facts to the District Court and the U.S. Probation Office.

## IX

## Sentence Is Within Sole Discretion of Judge

This plea agreement is made in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge, who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation made by the government at sentencing is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## Parties' Sentencing Recommendations

*A. Sentencing Guideline Calculations*

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, and Adjustments:

| | | |
|---|---|---|
| 1. | Base Offense Level – §§ 2D1.1(a)(5),(c)(1) | 38* |
| 2. | Possession of Dangerous Weapon – § 2D1.1(b)(1) | +2 |
| 3. | Acceptance of Responsibility – § 3E1.1 | –3 |

***For purposes of calculating the guideline range, the parties stipulate and agree that the Base Offense Level set forth in U.S.S.G. § 2D1.1(a)(2) applies. The parties further agree that the offense resulted in death to a person and, therefore, Defendant is ineligible for a reduction in the offense level pursuant to § 2B1.1(b)(18).**

*B. Acceptance of Responsibility*

Despite paragraph A above, the government need not recommend an adjustment for acceptance of responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility. Such conduct includes, but not limited to, the following:

1. Failure to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denying or making a statement inconsistent with the factual basis set forth in this agreement.

2. Falsely denying prior criminal conduct or convictions.

3. Being untruthful with the government, the Court, or a probation officer.

4. Breaching this plea agreement in any way.

*C. Further Adjustments and Sentence Reductions*

Defendant may request or recommend additional downward adjustments or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The government may oppose any downward adjustments or variances not set forth in section X, paragraph A above.

*D. No Agreement as to Criminal History Category*

The parties have no agreement as to Defendant's criminal history category.

*E. "Factual Basis" and "Relevant Conduct" Information*

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

*F. Parties' Recommendations Regarding Custody*

The Government agrees to recommend that Defendant be sentenced to the low end of the advisory Guidelines range as calculated by the Government after incorporating a downward variance in accordance with 18 U.S.C. § 3553(a) that is the equivalent of four levels under the Sentencing Guidelines.[1]

*G. Forfeiture*

Defendant consents to the forfeiture allegations of the Indictment and consents to the forfeiture of all properties seized in connection with this case pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) including, but not limited to: (1) a .45 caliber Springfield Armory pistol bearing serial number US682070; (2) approximately 13 rounds of .45 caliber ammunition, (3) two Apple iPhones, and (4) approximately $4,260 in United States currency.

Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a)

[1] This variance accounts for various factors, including Defendant's expeditious resolution of the case and waiver of appeal.

regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is a mandatory part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

*H. Special Assessment and Fine*

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 per felony count of conviction to be paid at the time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties have no agreement as to a fine and the government may recommend that Defendant pay a monetary fine to be paid at the time of sentencing. The government may also recommend an additional fine to cover the cost of imprisonment, supervised release, or probation, in accordance with 18 U.S.C. § 3572(a)(6).

*I. Supervised Release*

The government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek early termination of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessment, fine, criminal forfeiture judgment, and restitution judgment.

**XI**

**Defendant Waives Appeal and Collateral Attack**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If Defendant appeals, the government may support on appeal the sentence or restitution order actually imposed.

**XII**

**Breach of the Plea Agreement**

Defendant and defense counsel know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised) and cannot later be made to any court. If such claims are later made to a court, it shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement, regardless of whether the plea agreement has been accepted by the Court. The following are non-exhaustive examples of acts constituting a breach:

a. Failing to plead guilty pursuant to this agreement.

b. Failing to fully accept responsibility as established in section X, paragraph B, above.

c. Failing to appear in court.

d. Attempting to withdraw the plea.

e. Failing to abide by any court order related to this case.

f. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of section XI of this plea agreement.

g. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the government will be relieved of all its obligations under this plea agreement. For example, the government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed because of this agreement. Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges. In addition, the government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the government's pursuit of remedies for Defendant's breach.

If Defendant breaches this plea agreement, the following are admissible against Defendant in any prosecution of, or any action against, Defendant: (1) any statements made by Defendant, under oath, at the guilty plea hearing (before either a magistrate judge or a district judge); (2) the factual basis statement in section II.B of this agreement; and (3) any evidence derived from such statements. Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the government,

or are inadmissible under the Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure Rule 11(f), or any other federal rule.

**XIII**

**Contents and Modification of Agreement**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing and signed by all parties.

**XIV**

**Defendant and Counsel Fully Understand Agreement**

By signing this agreement, Defendant certifies that Defendant has read it (or it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

## XV

## Defendant Satisfied with Counsel

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

6/24/26
Dated

KEITH D. ELLISON
Assistant U.S. Attorney

6/24/26
Dated

DAVID L. BAKER
Defense Counsel

**In addition to the foregoing provisions to which I agree, I swear under penalty of perjury that the facts in the "factual basis" paragraph above are true.**

6/24/26
Dated

Ronnie Rosas
RONNIE ROSAS
Defendant

Approved by:

*/s/ Lawrence A. Casper*
LAWRENCE A. CASPER
Assistant U.S. Attorney

*rev. 11/20/2025 def*